UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **HOA PHAT STEEL PIPE CO., LTD.** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **Court No. 23-00248** |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) ) ) |

# COMPLAINT

Hoa Phat Steel Pipe Co., Ltd. ("Hoa Phat"), by and through its counsel, states that following claims against Defendant, the United States:

## INTRODUCTION

1.  Hoa Phat seeks judicial review of the U.S. Department of Commerce's ("Commerce") affirmative final determination of circumvention of the antidumping duty orders on light-walled rectangular pipe and tube ("LWRPT") products from Korea. *Light-Walled Rectangular Pipe and Tube From the Republic of Korea: Final Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 Fed. Reg. 77,266 (Nov. 9, 2023) ("*Final Determination*") accompanying Issues and Decision Memorandum (Nov 2, 2023).

## JURISDICTION

2.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because this action is commenced under 19 U.S.C. § 1516a(a)(2)(B)(vi).  This action contests Commerce's final determination under 19 U.S.C. § 1677j(b) concerning inquiry merchandise produced in Vietnam from Korea origin materials.

## STANDING OF PLAINTIFF

3.  Hoa Phat is a Vietnamese exporter of the inquiry merchandise and is thus an interested party within the meaning of 19 U.S.C. § 1677(9)(A).  Hoa Phat participated in the underlying proceeding.

4.  Accordingly, Hoa Phat has standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5.  Commerce issued the contested determination on November 2, 2023.  *See Final Determination*, 88 Fed. Reg. 77,266.  Hoa Phat commenced this action by filing a Summons and Complaint within thirty days after the date that Commerce's determination was published in the *Federal Register*.  Accordingly, this action is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and 28 U.S.C. § 2636(c).

## STATEMENT OF FACTS

6. On May 17, 2022, Commerce received an allegation from domestic interested parties alleging circumvention of the LWRPT order (*Light-Walled Rectangular Pipe and Tube from Mexico, the People's Republic of China, and the Republic of Korea: Antidumping Duty Orders; Light-Walled Rectangular Pipe and Tube from the Republic of Korea: Notice of Amended Final Determination of Sales at Less Than Fair Value*, 73 Fed. Reg. 45,403 (August 5, 2008) ("Order")). Domestic Interested Parties' Letters, "Light-Walled Rectangular Pipe and Tube from the Republic of Korea: Request for Circumvention Inquiry, (May 17, 2022) (Circumvention Allegation).

7. On August 4, 2022 Commerce published an initiation notice for simultaneous anticircumvention inquires to determine whether certain imports of LWRPT completed in Vietnam using HRS manufactured in Korea are circumventing the Order on a country-wide basis. *Circular Welded Carbon Quality Steel Pipe From the People's Republic of China; Certain Circular Welded Non-Alloy Steel Pipe From the Republic of Korea; Certain Welded Carbon Steel Standard Pipes and Tubes From India; Certain Circular Welded Carbon Steel Pipes and Tubes From Taiwan; Certain Circular Welded Non-Alloy Steel Pipe From Taiwan; Light-Walled Rectangular Pipe and Tube From the People's Republic of China; Light-Walled Rectangular Pipe and Tube From the Republic of Korea; Light-Walled Welded Rectangular Carbon Steel Tubing From Taiwan: Initiation of Circumvention Inquiries on the Antidumping and Countervailing*

*Duty Orders*, 87 Fed. Reg. 47,711 (August 4, 2022) ("Initiation") and accompanying Circumvention Initiation Memorandum.

8. On August 17, 2022, Hoa Phat entered an appearance without counsel (*pro se*).

9. On August 30, 2022, Commerce selected Hoa Phat Steel Pipe Company Ltd (Hoa Phat) and Vina One Steel Manufacturing Corp (Vina One) as the mandatory respondents in this circumvention inquiry. Memorandum: *Circumvention Inquiry on Light-Walled Rectangular Pipe and Tube from the Republic of Korea: Respondent Selection*, (August 30, 2022).

10. On September 6, 2022, Commerce issued questionnaires Hoa Phat and set a due date of September 20, 2022.

11. On September 7, 2022, Hoa Phat filed its first extension request, asking for six weeks. Hoa Phat 1st Extension Request, (Sept. 7, 2022).

12. On September 14, 2022, Commerce denied the request for a six-week extension and extended the due date by only one week.

13. On September 15, 2022, counsel at Fox Rothschild LLP entered an appearance and applied for APO on behalf of Hoa Phat.

14. On September 21, 2022, Hoa Phat filed its second extension request, asking for an additional for days to respond to Commerce's question 46 and the Factor of Production Appendix. Hoa Phat's 2nd Extension request (Sept. 21, 2022).

15. On September 23, 2022, Commerce granted all interested parties a one-week extension to the entire questionnaire and made certain modifications to the questionnaire in response to multiple requests from interested parties and set a due date of October 4, 2022. Department of Commerce Memorandum, Response to Modification and Extension Requests (Sept. 23, 2022).

16. On September 30, 2023, Hoa Phat submitted its third extension request for which Commerce granted three days, extending the deadline to October 7, 2022.

17. On October 5, 2022, Hoa Phat requested an extension of one-week for reasons previously stated and also due to illness by counsel for Hoa Phat and other due dates for counsel in an antidumping investigation by Commerce for another product.

18. On October 6, 2022, Commerce denied Hoa Phat and Vina One's (the other mandatory respondent) extension requests because "Commerce must conduct these circumvention inquiries within time limits required by U.S. law." Extension Request Denial Letter (Oct. 6, 2022). The responses in all three inquiries remained due on the following day, October 7, 2022, thirty one days after the issuance of the initial questionnaires for three separate circumvention inquiries. On the same day, Counsel for Hoa Phat spoke with Commerce at approximately 4:15 pm and explained that the

response included thousands of pages that was not sure if the responses could be filed by 5pm.

19. On October 7, 2022 at 12:30 pm on the due date of the submission, counsel for Hoa Phat asked by telephone if Hoa Phat could be provided a one-business day extension. At around 1:30 pm, Hoa Phat filed a request that its time to respond be extended until 10:00 am on the next business day, October 11, 2022, because counsel was experiencing difficulty and needed time to OCR, split, and flatten the submission which was estimated to be over 6000 pages.

20. At approximately 2:30 pm, Commerce called counsel for Hoa Phat to discuss the difficulties counsel was experiencing and counsel confirmed at that time that an extension until midnight would be sufficient time to submit the responses. A little after 3 p.m., Commerce granted Hoa Phat an extension until 11:59 p.m. on October 7, 2022.

21. On October 7, 2022 at approximately 11:46 pm, Hoa Phat submitted another extension request for an unspecified amount of time asking that Commerce deem the responses timely filed even if filed after the midnight deadline. This sixth extension request filed around 11:46 pm was filed on ACCESS in the correct circumvention inquiry segments and case numbers, but the cover page noted "Investigation" rather than "Circumvention Inquiry" in the upper right-hand corner of the cover page.

22.     Hoa Phat began submitting the one-day-lag version of its initial questionnaire response after filing the extension request, successfully submitting eleven parts of the one-day lag questionnaire response between 11:47 and 11:55pm.

23.     On Monday October 10, 2022, Hoa Phat completed its filing of the One-day lag version of the initial questionnaire response.

24.     On October 11, 2022 (the next business day after filing the extension request), at around 9:44 am counsel for Hoa Phat received a Workflow Rejection Notification email indicating rejection of the 6th Extension Request because "Cover page indicates the Investigation segment however the document was uploaded to the CIRC - Anti Circumvention Inquiry segment."  A few hours later Hoa Phat refiled its 6th Extension Request, but with incorrect segment-specific information.

25.     On October 11, 2022 at 9:56 am Hoa Phat completed filing its final BPI version and at 10:54am completed filing its final public version of the response.

26.     On October 12, 2022, a little after 5pm Hoa Phat refiled its 6th Extension Request correcting the segment information and the segment specific information on the cover pages of the letter.

27.     On November 17, 2022, Commerce rejected Hoa Phat's One-day lag responses as untimely filed and removed the one-day lag, final BPI, and public versions of Hoa Phat's responses from the record.  Memorandum to File, *Light-Walled Rectangular Pipe and Tube from the People's Republic of China; Light-Walled*

*Rectangular Pipe and Tube from the Republic of Korea; and Light-Walled Welded Rectangular Carbon Steel Tubing from Taiwan;* Circumvention Inquiries – Rejection of Hoa Phat Steel Pipe Co., Ltd. Response to Initial Questionnaire (November 17, 2022).

28. On November 29, 2022, Hoa Phat requested that Commerce reconsider its decision to reject Hoa Phat's initial questionnaire response.

29. On December 13, 2022, Commerce denied Hoa Phat's request that Commerce reconsider its decision to reject Hoa Phat's submission as untimely filed and Hoa Phat's arguments that its decision not to grant the 6th Extension Request was an abuse of discretion. Commerce Letter to Hoa Phat, (Dec. 13, 2022).

30. On April 6, 2023 Commerce published its Preliminary Determination Memorandum finding that because Hoa Phat failed to cooperate by not acting to the best of its ability an adverse inference is warranted and that Hoa Phat is not eligible to certify that specific entries of merchandise were not manufactured using Korea-origin HRS. *Light-Walled Rectangular Pipe and Tube From the Republic of Korea: Preliminary Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 Fed. Reg. 22,002 ( April 12, 2023) and accompanying Issues and Decision Memorandum

31. On April 24, 2023, undersigned counsel at Trade Pacific PLLC entered an appearance on behalf of Hoa Phat.

32. On May 4, 2023 Hoa Phat filed its Case Brief contesting Commerce's decision to reject Hoa Phat's initial questionnaire response and that Commerce should

permit Hoa Phat to File its certifications to CBP regarding the origin of the hot-rolled steel in its exports LWRPT.

33. On November 9, 2023, Commerce published a notice of its final determination in the *Federal Register* finding no change from its conclusions in the preliminary determination. *See Final Determination IDM*.

## STATEMENT OF CLAIMS

34. In the following respects, and for other reasons apparent in the administrative record of the challenged proceeding, Commerce's decision in its Final Determination concerning Hoa Phat is not supported by substantial evidence and is otherwise not in accordance with law.

**Count 1:    Commerce's Refusal to Accept Relevant Factual Information  was an abuse of discretion and therefore Contrary To Law**

35. Hoa Phat hereby re-alleges and incorporates by reference paragraphs 1 through 34.

36. While Commerce certainly has some discretion in how it administers its AD proceeding, there is substantial court precedent that Commerce cannot abuse this discretion.

37. On April 6, 2023, 25 weeks after Hoa Phat submitted all the requested information, which was rejected from the record more than a month after being submitted, Commerce issued the preliminary determination, in which Commerce

rendered its decision without any examination of Hoa Phat's information. This Commerce action is unlawful.

38. Hoa Phat completed uploading all the requested information and data on the next business day after the deadline, per Commerce's stated practice. Additionally, the deadline was 23h59pm of October 7, which was followed by a federal holiday during which Commerce, is closed and most likely did not actually review the information and data of any respondent including Hoa Phat during the holiday weekend. Consequently, the submission of Hoa Phat on October 11, 2023 caused no interruption to the circumvention inquiry and did not delay Commerce's ability to render a timely determination.

39. Accordingly, the rejection of all of Hoa Phat's submitted factual information due to an improper heading on an extension request was an abuse of discretion and therefore not in accordance with law.

**Count 2:** **Commerce's Application of Facts Available with an Adverse Inference to Hoa Phat was not Consistent with its Obligation Under 19 U.S.C. § 1677m(d) and was Thus Unlawful**

40. Hoa Phat hereby re-alleges and incorporates by reference paragraphs 1 through 39.

41. The statute sets forth very specific strictures under 19 U.S.C. § 1677m(d) before Commerce may apply facts available with an adverse inference. These include a) the information must be necessary for Commerce to render a decision, b) Commerce shall promptly inform the party submitting the response of deficiencies, and c) to the extent

practicable, Commerce must provide the party with an opportunity to remedy or explain the deficiency.

42. These were not met, in particular Commerce did not afford Hoa Phat any opportunity to remedy the deficiencies in the data submitted. In addition, it does not appear that Commerce was lacking in any Hoa Phat specific information with respect to implementation of the certification procedure for future import entries.

43. Given that Commerce failed to observe the strictures of 19 U.S.C. § 1677m(d), its Final Determination was not supported by substantial evidence and was not in accordance with law.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Hoa Phat prays that this Court enter judgment as follows:

(A)   Enter judgment in favor of Hoa Phat;

(B)   Hold unlawful those aspects of Commerce's final circumvention determination challenged in this complaint;

(C)   Remand this proceeding to Commerce with instructions to revise its final determination in conformity with the Court's decision; and

(D)   Grant Hoa Phat such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James C. Beaty
Katherine R. Afzal

**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-452-7373

November 29, 2023

*Counsel for Hoa Phat Steel Pipe Co., Ltd*