A-570-914, C-570-915,
A-580-859, A-583-803
Remand
Slip Op. 25-11
**Public Document**
E&C/OI:  BH

***Hoa Phat Steel Pipe Co., Ltd., v. United States*,**
**Consol. Court No. 23-00248, Slip Op. 25-11 (CIT January 27, 2025)**
**Light-Walled Rectangular Pipe and Tube from the People's Republic of China, Republic of Korea, and Taiwan**

**FINAL RESULTS OF REDETERMINATION**
**PURSUANT TO COURT REMAND**

## I.    SUMMARY

The U.S. Department of Commerce (Commerce) prepared these final results of

redetermination pursuant to the *Remand Order* of the U.S. Court of International Trade (CIT) in

*Hoa Phat Steel Pipe Co., Ltd. v. United States*.[1]  These final results of redetermination pertains to

Commerce's determination that companies were circumventing the antidumping duty (AD) and

countervailing duty (CVD) orders[2] on light-walled rectangular pipe and tube from the People's

Republic of China (China), Republic of Korea (Korea), and Taiwan by completing light-walled

rectangular pipe and tube (LWRPT) in the Socialist Republic of Vietnam (Vietnam) using hot-

rolled steel (HRS) from China, Korea, or Taiwan.[3]

---

[1] *See Hoa Phat Steel Pipe Co., Ltd., v. United States*, Consol Court No. 23-00248, Slip Op. 25-11 (CIT January 27, 2025) (*Remand Order*).
[2] *See Light-Walled Rectangular Pipe and Tube from Mexico, the People's Republic of China, and the Republic of Korea: Antidumping Duty Orders; Light-Walled Rectangular Pipe and Tube from the Republic of Korea: Notice of Amended Final Determination of Sales at Less Than Fair Value*, 73 FR 45403 (August 5, 2008); *see also Light-Walled Rectangular Pipe and Tube from the People's Republic of China: Notice of Countervailing Duty Order*, 73 FR 45405 (August 5, 2008); and *Antidumping Duty Order; Light-Walled Welded Rectangular Carbon Steel Tubing from Taiwan*, 54 FR 12567 (March 27, 1989) (collectively, *Orders*).
[3] *See Light-Walled Rectangular Pipe and Tube from the Peoples Republic of China:  Final Affirmative Determination of Circumvention of the Antidumping Duty and Countervailing Duty Orders*, 88 FR 77283 (November 9, 2023) (*Final China Circumvention Determination*), and accompanying Issues and Decision Memorandum (IDM); *Light-Walled Rectangular Pipe and Tube from the Republic of Korea:  Final Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 FR 77266 (November 9, 2023) (*Final Korea Circumvention Determination*), and accompanying IDM; and *Light-Walled Rectangular Pipe and Tube from*

In its ruling, the CIT remanded to Commerce its *Final Circumvention Determinations* to accept Hoa Phat Pipe Co., Ltd.'s (Hoa Phat) initial questionnaire responses into the record and to address whether entries of LWRPT produced or exported by Hoa Phat are eligible for certification.  Consistent with the CIT's opinion, on remand, Commerce is providing further explanation of its circumvention determination with respect to Hoa Phat's eligibility to certify whether the LWRPT produced or exported by Hoa Phat was produced using HRS from either China, Korea, or Taiwan.

## II.     BACKGROUND

In the underlying circumvention inquiry, Commerce determined that Hoa Phat failed to provide a timely initial questionnaire response.  Accordingly, Commerce found that the use of adverse facts available (AFA) was appropriate, pursuant to sections 776(a)(1) and 776(a)(2)(B)-(C) of the Tariff Act of 1930, as amended (the Act), because necessary information was not available on the record which significantly impeded the circumvention inquiry.[4]  Consequently, pursuant to section 776(a) of the Act, in selecting the facts otherwise available on the record, Commerce used adverse inferences with respect to Hoa Phat when making its circumvention determination.  Specifically, as part of the *Final Circumvention Determinations*, Commerce

---

*Taiwan:  Final Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 FR 77274 (November 9, 2023) (*Final Taiwan Circumvention Determination*), and accompanying IDM (collectively, *Final Circumvention Determinations*).

[4] *See Light-Walled Rectangular Pipe and Tube From the People's Republic of China:  Preliminary Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 FR 21985 (April 12, 2023), and accompanying Preliminary Decision Memorandum (PDM); *Light-Walled Rectangular Pipe and Tube From the Republic of Korea: Preliminary Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 FR 22002 (April 12, 2023), and accompanying PDM; and *Light-Walled Rectangular Pipe and Tube from Taiwan:  Preliminary Affirmative Determination of Circumvention of the Duty Order*, 88 FR 21980 (April 12, 2023), and accompanying PDM; unchanged in *Final Circumvention Determinations*.

determined that Hoa Phat was not permitted to certify the origin of the HRS used by Hoa Phat to produce LWRPT in Vietnam.[5]

## III.   REMANDED ISSUE

### A.  Background

Section 781(b)(1) of the Act provides that Commerce may include imports of merchandise assembled or completed in a third country within the scope of an order at any time the order is in effect if, among other things, the process of assembly or completion in the third country is minor or insignificant.

Under section 781(b)(2) of the Act, Commerce considers five factors to determine whether the process of assembly or completion of merchandise in a foreign country is minor or insignificant:  (1) the level of investment in the foreign country in which the merchandise is completed or assembled; (2) the level of research and development (R&D) in the foreign country in which the merchandise is completed or assembled; (3) the nature of the production process in the foreign country in which the merchandise is completed or assembled; (4) the extent of production facilities in the foreign country in which the merchandise is completed or assembled; and (5) whether the value of the processing performed in the foreign country in which the merchandise is completed or assembled represents a small proportion of the value of the merchandise imported into the United States.

Furthermore, under section 718(b)(3) of the Act, Commerce considers additional factors to consider in determining whether to include merchandise assembled or completed in a third

---

[5] *See Final China Circumvention Determination*, 88 FR at 77284 ("Because Hoa Phat was non-cooperative, it is not eligible to use the certification described above." (internal citation omitted)); *Final Korea Circumvention Determination*, 88 FR at 77268 ("Because Hoa Phat was non-cooperative, it is not eligible to use the certification described above." (internal citation omitted)); and *Final Taiwan Circumvention Determination*, 88 FR at 77276 ("Because Hoa Phat was non-cooperative, it is not eligible to use the certification described above." (internal citation omitted)).

country within the scope of an AD/CVD order: (1) the pattern of trade, including sourcing

patterns; (2) whether the manufacturer or exporter of the merchandise is affiliated with the

person who, in the third country, uses the merchandise to complete or assemble the merchandise

which is subsequently imported into the United States; and (3) whether imports of the

merchandise into the third country have increased after the initiation of the investigation that

resulted in the issuance of such an order.

The CIT ruled that in its *Final Circumvention Determinations*, "Commerce abused its

discretion in rejecting {Hoa Phat}'s initial questionnaire responses."[6] Specifically, the CIT

stated that "Commerce's reliance on statutory deadlines is an insufficient basis to reject a

respondent's request for extension of time where 'there was no record evidence' that granting the

requested extension 'would have delayed the issuance of the Final Determination'"[7] and that

"Commerce 'attached a consequence was grossly disproportionate to the mistake that was made.'

and for that reason, {Commerce} abused its discretion."[8] The CIT noted that Commerce

extended the results of the final determinations twice,[9] to be almost 400 days beyond the date on

which Hoa Phat submitted its initial questionnaire response,[10] and "far beyond the time

contemplated by statute and Commerce's regulations."[11] Thus, the CIT held, "{c}onsequently,

Commerce's decision to reject plaintiff's questionnaire responses was an abuse of discretion."[12]

The CIT further stated that Commerce's decision to exclude Hoa Phat from the

certification process can be characterized as "'particularly severe,'"[13] as "Commerce's

---

[6] *See Remand Order* at 20.
[7] *Id.* at 22-23 (internal citations omitted).
[8] *Id.* at 26 (internal citation omitted).
[9] *Id.* at 25.
[10] *Id.* at 21.
[11] *Id.* at 23-24.
[12] *Id.* at 28.
[13] *Id.* at 27 (internal citation omitted).

application of AFA 'cannot be punitive, aberrational, or uncorroborated' and should 'reflect the seriousness of the non-cooperating party's misconduct.'"[14]  Instead, the record demonstrated that each of Hoa Phat's extension requests was timely and that Hoa Phat was diligent in communicating the challenges it faced in meeting the October 7 deadline.  Accordingly, Commerce's decision to reject Hoa Phat's questionnaire responses was an abuse of its discretion and Commerce was ordered to reopen the records and reconsider its determination of Hoa Phat's ability to participate in the certification process.

## B.  Analysis

In accordance with the CIT's *Remand Order*, Commerce reopened the administrative records to accept Hoa Phat's initial questionnaire response for each of the circumvention inquiries.[15]  On May 5, 2025, Hoa Phat provided its initial circumvention questionnaire responses that indicated Hoa Phat was unable to trace the origin of its HRS inputs through production during the circumvention inquiry period.[16]  On April 16, 2025, Hoa Phat further confirmed through a supplemental questionnaire response that it was unable to track the source of HRS inputs prior to January 2022.[17]  The circumvention inquiry period is 2017 through 2021.[18]

---

[14] *Id.* at 28 (internal citation omitted).

[15] *See* Commerce's Letter, "Light-Walled Rectangular Pipe and Tube from Korea, Taiwan, and the People's Republic of China: Circumvention Remand Order," dated February 18, 2025.

[16] *See* Hoa Phat's Letter, "Initial Response of Hoa Phat Steel Pipe Co., Ltd.," dated March 3, 2025.

[17] *See* Hoa Phat's Letter, "Hoa Phat Steel Pipe Co., Ltd. Response to 1st Supplemental Questionnaire, Questions 1-2 and 4-5," dated April 16, 2025.

[18] *See Circular Welded Carbon Quality Steel Pipe From the People's Republic of China; Certain Circular Welded Non-Alloy Steel Pipe From the Republic of Korea; Certain Welded Carbon Steel Standard Pipes and Tubes From India; Certain Circular Welded Carbon Steel Pipes and Tubes From Taiwan; Certain Circular Welded Non-Alloy Steel Pipe From Taiwan; Light-Walled Rectangular Pipe and Tube From the People's Republic of China; Light-Walled Rectangular Pipe and Tube From the Republic of Korea; Light-Walled Welded Rectangular Carbon Steel Tubing From Taiwan:  Initiation of Circumvention Inquiries on the Antidumping and Countervailing Duty Orders*, 87 FR 47711 (August 4, 2022), and accompanying Memorandum, "Initiation of Circumvention Inquiries on the Antidumping Duty and Countervailing Duty Orders," dated July 28, 2022, at 5.

Hoa Phat acknowledges that it was unable to track the country of origin of the HRS consumed in the production of corresponding LWRPT during the circumvention inquiry period. Thus, there is no basis to grant Hoa Phat the ability to certify the country of origin of its LWRPT sold to the United States consistent with our practice.[19]  Further, Commerce notes that if it had accepted Hoa Phat's initial questionnaire response in the first instance during the underlying circumvention inquiry disclosing that it could not track the country of origin of its sales of LWRPT to the United States, we would have declined to grant Hoa Phat eligibility to certify in the *Final Circumvention Determinations*.  As such, based on Hoa Phat's statements as it regards its inability to track the country of origin of its sales of LWRPT to the United States during the inquiry period, Commerce cannot grant Hoa Phat the ability to certify the source of the HRS used in the production of LWRPT sold to the United States as a result of this circumvention proceeding.[20]

Subsequent to the publication of Commerce's *Final Circumvention Determinations*, Hoa Phat requested an administrative review of the entries that entered the United States as a result of the *Final Circumvention Determinations*, which were declared as subject merchandise under the Chinese AD and CVD orders.[21]  In the *2022-2023 Final Results*, Commerce found that during

---

[19] *See e.g.*, *Oil Country Tubular Goods From the People's Republic of China:  Final Affirmative Determinations of Circumvention*, 86 FR 67443 (November 26, 2021), and accompanying IDM at 18 ("As the HLD respondents acknowledge, their accounting systems are unable to track the country of origin of the hot-rolled steel consumed in the production of corresponding welded OCTG. We find that the HLD respondents' failure to maintain the information of the country of origin of hot-rolled steel and the corresponding welded OCTG indicates that they do not maintain separate information records that can corroborate the paper trails of the purchase of hot-rolled steel and production of welded OCTG. Therefore, we do not find that the HLD respondents maintain a reliable information record system to be able to certify with accuracy the country of origin of hot-rolled steel.") (ACCESS Barcode 4184179-02).
[20] However, we note that Commerce has subsequently granted Hoa Phat the ability to participate in the certification regime in a separate administrative review proceeding.
[21] *See Final China Circumvention Determination*, 88 FR at 77284 ("For Hoa Phat … Commerce will direct CBP, for all entries of LWRPT from Vietnam produced or exported by Hoa Phat, to suspend liquidation and require a cash deposit at the AD/CVD cash deposit rates established for LWRPT from China." (internal citation omitted)); *Final Korea Circumvention Determination*, 88 FR at 77267 ("For Hoa Phat … Commerce will direct CBP, for all entries of LWRPT from Vietnam produced or exported by Hoa Phat, to suspend liquidation and require a cash deposit at the

the period of review covering August 1, 2022, through July 31, 2023, Hoa Phat gained the ability to trace through its production processes the origin of the HRS used to produce LWRPT.[22]  As a result, Commerce determined that, as of May 5, 2025, the publication date of the *2022-2023 Final Results*, Hoa Phat is permitted to certify whether the HRS used to produce LWRPT in Vietnam was sourced from either China, Korea, or Taiwan.[23]  Accordingly, the results of this redetermination have been superseded by the *2022-2023 Final Results* of review.

## IV.     DRAFT RESULTS OF DETERMINATION

On December 23, 2025, Commerce released its Draft Results of Redetermination and invited interested parties to comment.[24]  On December 30, 2025, we received comments from Hoa Phat Steel Pipe Company Limited.[25]  These comments are addressed below.

**Comment 1:     Commerce's Draft Results Confirm That the Issue Addressed on Remand Has Been Overtaken by Subsequent Administrative Action and Therefore No Longer Has Operative Effect**

Commerce's draft remand redetermination confirms that Hoa Phat is currently permitted to certify the origin of the hot-rolled-steel ("HRS") used to produce light-walled rectangular pipe and tube ("LWRPT") in Vietnam, as Commerce determined in the final results of the 2022-2023 administrative review.  Commerce expressly acknowledges that the results of this remand redetermination have been superseded by that later determination.  Accordingly, the remand redetermination has no practical consequence.[26]

---

AD/CVD cash deposit rates established for LWRPT from China." (internal citation omitted)); and *Final Taiwan Circumvention Determination*, 88 FR 77276 ("For Hoa Phat … Commerce will direct CBP, for all entries of LWRPT from Vietnam produced or exported by Hoa Phat, to suspend liquidation and require a cash deposit at the AD/CVD cash deposit rates established for LWRPT from China." (internal citation omitted)).

[22] *See Light-Walled Rectangular Pipe and Tube from the People's Republic of China:  Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023*, 90 FR 18966 (May 5, 2025) (*2022-2023 Final Results*).

[23] *Id.*, 90 FR at 18967 ("We continue to find that Hoa Phat is eligible to certify the origin of the HRS that it uses to produce LWRPT in Vietnam, and that this eligibility to certify applies to the *China AD and CVD Orders*, the *Korea AD Order*, and the *Taiwan AD Order*.").

[24] *See* Draft Results of Redetermination Pursuant to Court Remand, *Hoa Phat Steel Pipe Co. Ltd. v. United States*, Consol. Court No. 23-00248, Slip Op. 25-11 (CIT January 27, 2025), dated December 23, 2025 (Draft Results of Redetermination).

[25] *See* Hoa Phat's Letter, "Comment on Draft Results of Redetermination," dated December 30, 2025.

[26] *Id.* at 1-2.

**Commerce's Position:**  Commerce agrees with Hoa Phat.  Commerce continues to find that Hoa Phat does not have the ability to certify the origin of the HRS used in the production of LWRPT sold to the United States prior to January 2022.  However, we also agree with Hoa Phat that, as of May 5, 2025, Hoa Phat is currently permitted to certify as to the origin of the HRS that it used to produce LWRPT in Vietnam, as Commerce determined in the *2022-2023 Final Results*.[27]  As a consequence, Commerce's determination in these final results of redetermination that Hoa Phat could not certify as to the origin of the HRS used in the production of LWRPT prior to January 2022 has no impact on Hoa Phat's current ability, as of May 5, 2025, to certify.

## V.    FINAL RESULTS OF REDETERMINATION

Consistent with the *Remand Order*, Commerce reopened the record and permitted Hoa Phat to resubmit its questionnaire response on the record of the circumvention inquiry.  Further, Commerce issued Hoa Phat supplemental questionnaires and received timely responses.  As a result of Commerce's analysis of the record, we determined, based on the period of inquiry, that Hoa Phat was not eligible to certify the origin of the HRS used to produce LWRPT in Vietnam.  Because this position is consistent with our original determinations,[28] we do not intend to issue

---

[27] *See 2022-2023 Final Results*, 90 FR at 18967.
[28] *See Final China Circumvention Determination*; *Final Korea Circumvention Determination*; and *Final Taiwan Circumvention Determination*.

*Timken*[29] and/or amended final determinations if the CIT sustains Commerce's remand

redetermination.



Signed by: CHRISTOPHER ABBOTT

Christopher Abbott
Deputy Assistant Secretary
  for Policy and Negotiations,
  performing the non-exclusive functions and duties
  of the Assistant Secretary for Enforcement and Compliance

---

[29] *See Timken Co. v. United States*, 893 F.2d 337 (Fed. Cir. 1990) (*Timken*).