IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| HOA PHAT STEEL PIPE CO., LTD.,<br><br>        Plaintiff,<br><br>      v.<br><br>THE UNITED STATES,<br><br>        Defendant,<br><br>      and<br><br>ATLAS TUBE INC., BULL MOOSE TUBE COMPANY, MARUICHI AMERICAN CORPORATION, SEARING INDUSTRIES, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, VEST INC., NUCOR TUBULAR PRODUCTS INC.,<br><br>        Defendant-Intervenors. | Consol. Ct. No. 23-00248 |

**DEFENDANT'S COMMENTS SUPPORTING REMAND REDETERMINATION**

      Defendant, the United States, respectfully responds to the comments brief (ECF No. 86) filed by plaintiff, Hoa Phat Steel Pipe Co., Ltd. (Hoa Phat), concerning the Department of Commerce's remand results (ECF No. 83).  We respectfully request that the Court sustain the remand results because they comply with the Court's remand order and because they are supported by substantial evidence and otherwise lawful.

BACKGROUND

**I.**     **The Court's January 27, 2025 Remand Order**

      This case concerns three concurrent Commerce circumvention determinations concerning the orders on light-walled rectangular pipe and tube from the People's Republic of China

1

(China), the Republic of Korea (Korea), and Taiwan. *See Light-Walled Rectangular Pipe and Tube from the Peoples Republic of China: Final Affirmative Determination of Circumvention of the Antidumping Duty and Countervailing Duty Orders*, 88 Fed. Reg. 77,283 (November 9, 2023); *Light-Walled Rectangular Pipe and Tube from the Republic of Korea: Final Affirmative Determination of Circumvention of the Antidumping Duty Order,* 88 Fed. Reg. 77,266 (November 9, 2023); and *Light-Walled Rectangular Carbon Steel Tubing from Taiwan: Final Affirmative Determination of Circumvention of the Antidumping Duty Order*, 88 Fed. Reg. 77,274 (November 9, 2023).

On January 27, 2025, the Court remanded Commerce's circumvention determinations, ordering that Commerce accept Hoa Phat's rejected initial questionnaire responses into the record of the proceeding and, upon consideration of the questionnaire responses, reconsider its determination regarding Hoa Phat's ability to participate in the certification process established in this case. *See Hoa Phat Steel Pipe Co., Ltd. v. United States*, 755 F. Supp. 3d 1337, 1356 (Ct. Int'l Trade 2025) (Remand Order).

## II.     Commerce's Remand Results

On January 15, 2026, Commerce filed the final results of redetermination pursuant to this Court's Remand Order with this Court. Final Results of Redetermination Pursuant to Court Remand (Jan. 15, 2025) (ECF No. 83-1) (Remand Results).

Consistent with the Remand Order, Commerce reopened the administrative records to accept Hoa Phat's initial questionnaire response for each of the circumvention inquiries. *See* Remand Results at 5. Hoa Phat provided its initial circumvention questionnaire responses, which indicated Hoa Phat was unable to trace the country origin of its hot-rolled steel inputs through production during the circumvention inquiry period. *Id.* Commerce issued a supplemental questionnaire to clarify this fact, and Hoa Phat confirmed through a supplemental

2

questionnaire response that it was unable to track the source of hot-rolled steel inputs prior to January 2022. *Id.* After considering this information, Commerce determined that it was unable to grant eligibility to Hoa Phat to participate in the certification regime as a result of this remand proceeding due to the inability to trace country origin of its inputs during the period of inquiry consistent with its practice. *Id.* at 6 (citing *Oil Country Tubular Goods From the People's Republic of China: Final Affirmative Determinations of Circumvention*, 86 Fed. Reg. 67,443 (November 26, 2021), and accompanying IDM at 18). Commerce clarified, however, that during a subsequent and distinct administrative review proceeding, Commerce granted Hoa Phat the ability to certify in the certification regime effective May 5, 2025. *Id.* at 6-7 (citing *Light-Walled Rectangular Pipe and Tube from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 18,966 (May 5, 2025)).

## ARGUMENT

**I.     Standard of Review**

This Court's review of remand determinations in antidumping and countervailing duty proceedings applies the same standard of review as the one applied when reviewing the original determination. *See* 19 U.S.C. § 1516a(b)(1)(B)(i)). Thus, in remand proceedings, the Court will sustain Commerce's determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

**II.      Commerce's Remand Results Comply with The Remand Order And Are Supported by Substantial Evidence And in Accordance with Law**

On remand, Commerce complied with the Court's remand order by accepting Hoa Phat's initial questionnaire responses on the record of this proceeding and then considering such responses to determine if Hoa Phat demonstrated eligibility to participate in the certification regime.

Hoa Phat's comments on the Remand Results present no further challenge to the Remand Results before the Court nor identify any remaining issue, noting that "the final results of remand redetermination are of no practical consequence." Pl. Cmts., ECF No. 86 at 2.  Accordingly, as no party has submitted comments challenging Commerce's Remand Results, this Court should find that they are supported by substantial evidence and in accordance with law.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand results and enter judgment for the United States.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL | s/ Kristin E. Olson |
|  | KRISTIN E. OLSON |
| JonZachary Forbes | Trial Attorney |
| Office of the Chief Counsel for | Commercial Litigation Branch |
| Trade Enforcement & Compliance | Civil Division |
| U.S. Department of Commerce | Department of Justice |
|  | Ben Franklin Station |
|  | P.O. Box 480 |
|  | Washington, D.C. 20044 |
|  | (202) 307-6299 |
|  | kristin.olson@usdoj.gov |
| February 13, 2026 | *Attorneys for the United States* |

CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Standard Chamber Procedure 2(b)(1), the undersigned certifies that Defendant's Comments Supporting Remand, filed on February 13, 2026, complies with the word limitation requirement. The word processing software used to prepare this brief indicates there are a total of 778 words, excluding the portions of the brief identified in the rules.

s/ Kristin E. Olson<br>
Kristin E. Olson